UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No. 07-131 (JR) |
| v. : | |
| : | |
| JAMES BECTON, et al., : | |
| Defendants. : | |
| : | |

### GOVERNMENT'S *IN LIMINE* MOTION
### REGARDING PRIOR ACQUITTAL OF DEFENDANTS

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits this *in limine* motion regarding the decisions of juries in previous trials to acquit certain defendants of the charges they were facing in those cases. Specifically, James Becton was found not guilty of a shooting in case no. F-4036-03, and Christopher Becton was found not guilty of a firearms offense in case no. F-5259-03. The facts underlying those charges are alleged in the Superseding Indictment as overt acts in furtherance of the narcotics conspiracy (overt acts 18 and 23, respectively). In support thereof, the United States submits the following points and authorities:

The government intends to call witnesses at the trial of the above captioned matter to prove that James Becton shot at an individual on or about November 8, 2002 who he believed was selling drugs in an area controlled by James Becton without first purchasing the drugs from James Becton or his co-conspirators. The Government also intends to call witnesess to show that Christopher Becton possessed a pistol on or about August 29, 2003. The defendants in this case, in their cross examination of the witnesses sponsored to prove these events, or any other witness, or during argument to the jury, should be prohibited from mentioning or alluding to these results.

Our Court of Appeals has held that it is improper to permit cross examination of a prior judgement of acquittal.  United States v. Thomas, 114 F.3d 228, 249-250 (D.C. Cir. 1997). Specifically, the court stated that "the two primary reasons to exclude judgements of acquittal are (1) they are hearsay and (2) they generally are not relevant because they simply show that the government failed to prove guilt beyond a reasonable doubt."  Id. at 250, citing, United States v. Sutton, 732 F.2d 1483, 1494 (10th Cir. 1984), cert. denied, 469 U.S. 1157 (1985) and United States v. Jones, 808 F.2d 561, 566 (7th Cir. 1986), cert. denied, 481 U.S. 1006 (1985).  The Court of Appeals went on to say that such judgements "may also be more prejudicial than probative." Thomas, 114 F.3d at 250, citing United States v. Kerley, 643 F.2d 299, 301 (5th Cir. 1981).

In the instant case, the facts concerning acquittals of James Becton and Christopher Becton are hearsay and no exception exists to permit their presentation to the jury in any manner. In addition, the acquittals have no probative value to the issues to be decided by the jury in this case and would be extremely prejudicial to the Government's case.

WHEREFORE, the United States respectfully requests that the defense not be allowed to bring up the acquittals of James Becton and Christopher Becton in their cross examination, or in any other way during the trial.

        Respectfully submitted,

        JEFFREY A. TAYLOR, D.C. Bar # 498-610
        United States Attorney

By:       /s/
        ARVIND K. LAL, D.C. Bar # 389-489
        MATTHEW P. COHEN, D.C. Bar # 469-629
        Assistant United States Attorneys
        Organized Crime and Narcotics Trafficking Section
        555 4th Street, N.W., Rm. 4217 (Lal)
        Washington, D.C. 20530
        (202) 353-8833