UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | CRIMINAL NO. 07-131-04 (JR) |
| : | |
| v. : | |
| : | **FILED** |
| KEITH SAMPLER, : | |
|    also known as "Son", : | MAY 7 2008 |
|    also known as "Son-Son", : | NANCY MAYER WHITTINGTON, CLERK |
|               Defendant. : | U.S. DISTRICT COURT |
| _____ : | |

PROFFER OF EVIDENCE

If this case were to go to trial, the government's evidence would establish beyond a reasonable doubt:

1.  From on or about 2000 and continuing up to on or about December 4, 2006, within the District of Columbia and elsewhere, the defendant, Keith Sampler, also known as Son, also known as Son-Son, knowingly and intentionally conspired and agreed with a number of persons known and unknown to the government, including but not limited to, James Becton, also known as P, also known as Pumpkin, also known as Funk; Willie Best, also known as Fat Boy; Russell Ramseur, also known as Squirt; Frederick Mercer, also known as Freaky; Rubin Butler, also known as Buster; Martin Lewis, also known as Albert Blandshaw, also known as Al, also known as New York Al; Miah Jackson, also known as White Girl, also known as Red Girl; Gina Taylor; Deborah Jones; Michael Fleming; Jaquan Best, also known as Wop, also known as Quan; Tyrone Washington; Johnny Hodge, also known as Dre; Christopher Becton, also known as Rock; Robert Chase, also known as Uncle Rock, to distribute and possess with intent to distribute mixtures and substances containing detectable amounts of cocaine, marijuana, and cocaine base, commonly known as crack cocaine. James Becton and Willie Best were the leaders of this conspiracy. During the

course of his participation in the conspiracy, defendant Sampler acquired cocaine base for the purpose of re-distribution from co-conspirators, including but not limited to James Becton. Defendant distributed cocaine base with and to other co-conspirators and to drug customers. Mr. Sampler agrees that he conspired to distribute and possess with intent to distribute more than 1.5 kilograms of cocaine base, also known as crack cocaine, in the District of Columbia.

2.   The principal object of the conspiracy was to obtain as much money and other things of value as possible for its leaders, members and associates from the distribution and the possession with the intent to distribute cocaine, marijuana and cocaine base, commonly known as crack cocaine.

3.   During the course of the conspiracy, and to effect its object, Mr. Sampler did the following things: Beginning in 2000, Mr. Sampler regularly purchased or received wholesale quantities of cocaine base and cocaine from other members of the conspiracy, here in Washington, D.C., including but not limited to James Becton. Mr. Sampler then redistributed the crack cocaine.

4.   In addition, during the course of the conspiracy, Mr. Sampler used a telephone to facilitate the conspiracy to distribute and possess with intent to distribute cocaine base. On or about October 28, 2005, in activation number 48 for telephone number 757-582-5726, Mr. Sampler used a telephone to advise James Becton that drug customers were loving the most recent batch of drugs and that an unindicted co-conspirator had the "other three" and a sale for one.

5.   On or about November 6, 2005, in activation number 2175 for telephone number 757-582-5726, Mr. Sampler used a telephone to advise James Becton, that he was in the process of making some drug sales and would call him back.

6. On or about November 6, 2005, in activation number 2214 for telephone number 757-582-5726, Mr. Sampler, used a telephone to discuss with James Becton, the quality and customer reaction to a batch of drugs.

7. On or about November 6, 2005, in activation number 2227 for telephone number 757-582-5726, Mr. Sampler, used a telephone to ask James Becton, to call an unindicted co-conspirator to meet with a third person about a quantity of drugs.

8. On or about April 5, 2006, Mr. Sampler, was angry when a female opened an apartment door because there might have been "a bowl of crack sitting on the table."

9. On or about April 5, 2006, Mr. Sampler possessed the key to an apartment in the first court of the 4200 block of Fourth Street, S.E., Washington, D.C. that was used by Mr. Sampler and his co-conspirators to store and cook powder cocaine into crack cocaine.

10. On or about April 8, 2006, Rubin Butler, also known as Buster, returned the key to the apartment referred to in the previous paragraph, to Mr. Sampler.

11. On or about April 13, 2006, in activation number 1359 for telephone number 202-292-0713, Mr. Sampler and James Becton, used a telephone to have a conversation, partially in code, concerning a drug transaction, in which Mr. Becton complained to Mr. Sampler, that Rubin Butler still owed money to Mr. Becton and they discussed the fact that Mr. Butler was complaining about the presence of law enforcement but Mr. Butler continued to sit out there with a red shirt on.

12. On or about April 20, 2006, in activation number 2089 for telephone number 202-292-0713, Mr. Sampler, used a telephone to have a conversation, partially in code, concerning a drug transaction, in which he discussed with James Becton, the quality of a batch of drugs and the location of co-conspirator Rubin Butler.

13.     On or about December 4, 2006, Mr. Sampler, possessed with the intent to distribute a mixture and substance containing a detectable amount of cocaine base, also known as crack cocaine, and also possessed a firearm.

14.     All of the foregoing telephone calls and overt acts were in furtherance of, and facilitated, the distribution and possession with intent to distribute a mixture and substance containing a detectable amount of cocaine base, also known as crack cocaine, by Mr. Sampler and the co-conspirators listed in paragraph one of this Proffer, and other persons known and unknown.

## Limited Nature of Proffer

15.     This proffer of evidence is not intended to constitute a complete statement of all facts known by Mr. Sampler but is a minimum statement of facts intended to provide the necessary factual predicate for the guilty plea. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for defendant's plea of guilty to the charged crime of conspiracy to distribute and possess with intent to distribute mixtures and substances containing more than 50 grams of cocaine base, commonly known as crack cocaine, 5 Kilograms or More of Cocaine, and Cannabis.

16. Mr. Sampler is not cooperating with the Government and this plea is not done pursuant to a "cooperation agreement." Mr. Sampler further agrees that he has reviewed all of the allegations in the entire original indictment returned on May 18, 2007, and in the superseding indictment returned on October 17, 2007, in criminal number 07-131, that relate to the other named defendants. Mr. Sampler admits that the allegations are true, or does not have information to dispute or disprove those allegations set forth in the indictment and the superseding indictment in any way.

    Respectfully submitted,

    JEFFREY A. TAYLOR, Bar No. 498610
    United States Attorney


    _____
    ARVIND K. LAL, Bar Number 389489
    MATTHEW P. COHEN, Bar Number 469629
    Assistant United States Attorneys
    Organized Crime and Narcotics Trafficking Section
    555 4th Street, N.W., Room 4217
    Washington, DC 20530
    (202) 353-8833 (Lal)
    (202) 514-7427 (Cohen)

## DEFENDANT'S ACCEPTANCE

I have read the Proffer of Evidence setting forth the facts as to my participation in a conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base and cocaine and marijuana, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(iii), and 846. I have discussed this proffer fully with my attorney, Diane Lepley, Esquire. I fully understand this proffer and I acknowledge its truthfulness, agree to it and accept it without reservation. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this proffer fully.

Date: 5·7·08

KEITH SAMPLER
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting the government's proffer of evidence as to my client's participation in a conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base and heroin, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(iii), and 846. I have reviewed the entire proffer with my client, Keith Sampler, and have discussed it with him fully.

Date: 5·7·08

DIANE LEPLEY, ESQUIRE
Counsel for Defendant